F I L E D
CLERK OF COURT

2025 AUG 21 PM 3: 10

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC MATTHEW CRUZ,<br><br>Defendants. | Criminal Case No. CF0650-24<br><br>**DECISION AND ORDER ON MOTION IN *LIMINE* TO ADMIT EVIDENCE UNDER RULE 413 AND RULE 404(b)** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on People's Motion *in Limine* to Admit Evidence under Rule 413 and Rule 404(b). The Court now issues the following order **GRANTING in part, and DENYING, in part,** the People's Motion in *Limine*.

## PROCEDURE

On August 12, 2025, the People filed its Motion in *Limine* regarding Guam Rules of Evidence ("GRE") 413 and Rule 404(b). People's Mot. in Lim. The People's Motion requests that the Court allow admission of evidence that "the Defendant committed similar acts against the child [B.C.] during the same time period", "at least 20 times during 2nd and 3rd grade." The People's Motion also asks that the Court admit evidence that the Defendant committed "one act of cunnilingus and yearly acts of touching the primary genital area of another minor child, C.C. (DOB: 11/22/2002) between the years 2012 and 2014." Defendant Cruz was asked to file an

Decision and Order on Motion in Limine to Admit Evidence
CF00650-24, *People of Guam v. Eric Matthew Cruz*
Page **1** of **7**

Opposition by Monday, August 18, 2025, but no Opposition was filed. The Court reviewed the motions and applicable law and makes the following ruling.

## RULINGS

### I. People's Motion in *Limine* to Admit Evidence Under Rule 413

The Court **GRANTS** the People's Motion to admit evidence pursuant to Rule 413 of the GRE. The People have moved to allow testimony concerning similar sexual acts against the same victim, as well as one act of cunnilingus and yearly acts of touching the primary genital area of another minor child, C.C. between the years 2012 and 2014 be admissible. Rule 413 states that "in a criminal case in which the defendant is accused of an offense of criminal sexual conduct, evidence of the defendant's commission of another offense or offenses of criminal sexual conduct is admissible, and may be considered for its bearing on any matter to which it is relevant." Rule 413 supersedes Rule 404(b)'s prohibition on similar conduct to show propensity. In *Chinel*, the Guam Supreme Court used a three-factor test to determine whether a prior offense or conduct is admissible under Rule 413. *Chinel*, 2013 Guam 24 ¶ 21. This test includes 1) the present case must include criminal sexual conduct charges, 2) the evidence proffered must be evidence of the defendant's commission of another past act of sexual assault, and 3) the past act must be relevant.

The Court will first address the similar sexual acts against the same victim. This Court has found that the current case involves criminal sexual conduct charges and the evidence proffered includes uncharged instances of sexual acts between the defendant and the victim. Furthermore, the Court finds these acts are relevant as they are similar to the acts charged in this criminal sexual conduct case and involve the same defendant and victim. Therefore, under

Decision and Order on Motion in Limine to Admit Evidence
CF00650-24, *People of Guam v. Eric Matthew Cruz*
Page 2 of 7

*Chinel*, the evidence of the prior offenses against the same victim are admissible under Rule 413. In relation to the evidence concerning the Defendant's alleged commission of "one act of cunnilingus and yearly acts of touching the primary genital area of another minor child between 2012 and 2014," the Court also finds that this evidence is admissible. As stated above, the current case involves criminal sexual conduct charges, and the evidence proffered includes instances of the Defendant's commission of other past acts of sexual assault. Finally, the Court finds these acts are relevant as they are similar to the acts charged in this criminal sexual conduct case. Although these acts do not involve the same victim, they do involve the same defendant and a minor child, approximately four to six years before the conduct initially charged in this case. Although this evidence may not be as relevant as the acts against the same victim, the Court finds that they are sufficiently relevant under the *Chinel* test and therefore should be admissible under Rule 413.

The Court has also considered a balancing test as required under Guam Rule of Evidence 403 to determine if the probative value of the 413 evidence is not substantially outweighed by unfair prejudice to a defendant, using the framework provided in *United States v. Lemay*, 260 F.3d 1018. 1026-27 (9th Cir. 2001). *Wesen*, 2022 Guam 18 ¶ 47. Under *Lemay*, the trial court should consider, but is not limited to: 1) the similarity of the prior acts to the acts charged, 2) the closeness in time of the prior acts to the acts charged, 3) the frequency of the prior acts, 4) the presence or lack of intervening circumstances, and 5) the necessity of the evidence beyond the testimonies already offered at trial. *Chinel*, 2013 Guam 24 ¶ 36. Regarding the evidence of similar sexual acts against the same victim, B.C., the Court finds that the charged sex acts include similar conduct to the other acts the victim may discuss and occurred in a similar time period.

Decision and Order on Motion in Limine to Admit Evidence
CF00650-24, *People of Guam v. Eric Matthew Cruz*
Page 3 of 7

The People have represented that these acts occurred around 20 times, which is frequent over a period of two years. The Court is not aware of any intervening circumstances, and finds that the evidence is very probative and necessary for the jury to fully understand the circumstances surrounded the charged offenses. Furthermore, the victim's testimony is likely to be the main evidence offered at trial, and the Court sees no reason to limit her testimony when Rule 413 allows for its admission and it is likely to be more probative than prejudicial.

Regarding the evidence concerning the Defendant's alleged commission of "one act of cunnilingus and yearly acts of touching the primary genital area of another minor child [C.C.] between 2012 and 2014," the Court finds that the charged sex acts regarding B.C. include similar conduct to the acts regarding C.C. because both involve touching the primary genital area of a minor on more than one occasion. The Court is not aware of intervening circumstances. However, the events alleged by C.C. occurred about four to six years earlier in time than the events alleged by B.C. in this case. Furthermore, the Court is not convinced that evidence of the events alleged by C.C. are necessary beyond the testimonies already offered at trial to show the jury whether the Defendant is guilty relevant to the acts alleged by B.C. specifically. Therefore, because the Court believes that the probative value of the allegations made by C.C. is substantially outweighed by the danger of unfair prejudice for the Defendant, the Court will not allow the admission of the evidence regarding C.C. in the present trial concerning the acts alleged by B.C.

Therefore, the Court grants the Motion to Admit Evidence Pursuant to Rule 413 of the GRE and admits evidence that "the Defendant committed similar acts against the child [B.C.] during the same time period", "at least 20 times during 2nd and 3rd grade." However, the Court

Decision and Order on Motion in Limine to Admit Evidence
CF00650-24, *People of Guam v. Eric Matthew Cruz*
Page **4** of 7

denies the Motion with respect to evidence that the Defendant committed "one act of cunnilingus and yearly acts of touching the primary genital area of another minor child, C.C. (DOB: 11/22/2002) between the years 2012 and 2014" and denies its admission.

## II. People's Motion in *Limine* to Admit Evidence Under Rule 404(b)

The People also wish to admit under Guam Rule of Evidence 404(b) evidence that the Defendant was arrested in October 2021 for Family Violence against Antoinette Cruz, another witness in the case. GRE Rule 404 creates a general prohibition on the admission of evidence of other crimes, wrongs or acts for the purpose of showing criminal propensity, but 404(b) allows such evidence when offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." GRE 404(b).

The People bear the burden of establishing that a prior bad act: (1) proves a material element of the crime currently charged, (2) is similar to the charged conduct, (3) is based on sufficient evidence; and (4) is not too remote in time. *People v. Evaristo*, 1999 Guam 22, ⁋ 11 (citing *United States v. Hinton*, 31 F.3d 817, 822 (9th Cir. 1994)). Additionally, the probative value of the relevant evidence must substantially outweigh the danger of unfair prejudice. *See People v. Camaddu*, 2015 Guam 2 ⁋ 12, *see also* GRE 403. In considering the *Hinton* factors, the Court finds that the alleged prior bad acts only tangentially, if at all, go toward proving a material element of the crime. The People assert that introducing this evidence would refute any defense that the victim is fabricating the story on Antionette's behalf or because of what the Defendant allegedly did to Antoinette. The Court does not agree that the victim absolutely "would have told police about the sexual assault in 2021" if this were the case. Therefore, the Court does not believe that the prior bad act proves a material element of the crime currently

Decision and Order on Motion in Limine to Admit Evidence
CF00650-24, *People of Guam v. Eric Matthew Cruz*
Page 5 of 7

charged. Furthermore, the conduct, Family Violence, is not sufficiently similar to the currently charged conduct of Criminal Sexual Conduct to go toward the Defendant's intent in the present case. Evidence of the alleged prior bad act is based on insufficient evidence as the only evidence provided by the People is an October 2021 arrest of the Defendant which lacks a relevant plea or judgment. Finally, the act must not be too remote in time. *See Camaddu*, 2015 Guam 2 ¶ 53. Here, "prior acts" occurred about seven to eight years after the charged offenses. The Court believes these factors weigh against allowing evidence of the previous bad act.

Under Guam Rule of Evidence 403, the probative value of these prior bad acts is substantially outweighed by the danger of unfair prejudice. *See* GRE 403. The only argument identified by the People that this information is probative is their belief that introducing this evidence would refute any defense that the victim is fabricating the story on Antionette's behalf or because of what the Defendant allegedly did to Antoinette. The Court finds the probative value of the evidence through this argument to be limited, particularly given the conditional and attenuated nature of the People's argument. In contrast, the risk of unfair prejudice to the Defendant if this evidence is admitted is significant. The purpose of the GRE Rule 404 is to prevent the jury from hearing about other crimes or bad acts which could show propensity in the minds of the jury. The Court finds that on this issue, the possible probative value of the evidence regarding the 2021 arrest is substantially outweighed by the danger of unfair prejudice. Therefore, the Court hereby denies the People's Motion to admit evidence of the Defendant's October 2021 arrest for Family Violence against Antoinette Cruz.

Decision and Order on Motion in Limine to Admit Evidence
CF00650-24, *People of Guam v. Eric Matthew Cruz*
Page **6** of 7

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the People's Motion in *Limine* to Admit Evidence under 413, but **DENIES** the People's Motion to Admit Evidence under 404(b), and **ORDERS** the testimony concerning similar acts against the same victim, as well as one act of cunnilingus and yearly acts of touching the primary genital area of another minor child, C.C. (DOB: 11/22/2002) between the years 2012 and 2014 be admissible.

SO ORDERED, this 21st day of August 2025.

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

OAG & APD

Date: 8|21|25  Time: 3:13

Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam

Decision and Order on Motion in Limine to Admit Evidence
CF00650-24, *People of Guam v. Eric Matthew Cruz*
Page 7 of 7